# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 21, 2020**

SEAN F. MCAVOY, CLERK

U.S.A. vs.  Stanard, Jocelyn Rae   Docket No.   0980 2:19CR00090-SMJ-1

### Petition for Action on Conditions of Pretrial Release

COMES NOW Jonathan C. Bot, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Jocelyn Rae Stanard, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers sitting in the court at Spokane, Washington, on the 22nd day of August 2019, under the following conditions:

**Condition #27: Prohibited Substance Testing: If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

**Condition #28:** Defendant shall participate in one or more of the following home confinement program(s):

**Home Detention:** Defendant shall be restricted to his/her residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the Pretrial Services Office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or treatment, or mental health treatment.

**Condition # 9:** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether defendant has been authorized medical marijuana under state law.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here; if lengthy write on separate sheet and attach.)

**Violation # 7:** Ms. Stanard failed to provide a urinalysis as directed on February 18 and 19, 2020.

On February 11, 2020, Ms. Stanard was advised she would be on the random urinalysis testing program at Alcohol Drug Education Prevention Treatment (ADEPT) in Colville, Washington. Ms. Stanard was further advised she would be on urinalysis testing color gold. She was directed to call the testing line every day, and she was to report to ADEPT on the days the color gold was called in order to submit a urine sample for testing. Ms. Stanard acknowledged an understanding and agreement to this process.

Specifically, on February 18, 2020, the undersigned and Ms. Stanard exchanged text messages in which she acknowledged she was aware that her specific color was called at ADEPT and would report there to provide a urinalysis. Per ADEPT staff, Ms. Stanard failed to report on February 18, 2020, a direct violation of condition number 27. On February 19, 2020, the undersigned spoke with Ms. Stanard in which she gave various reasons as to why she was unable to provide a urinalysis at ADEPT on February 18, 2020. The undersigned arranged with ADEPT staff to allow Ms. Stanard to provide a urinalysis on February 19, 2020, and she was thus informed and directed to provide a urinalysis on this date. Per ADEPT staff, Ms. Stanard failed to report to ADEPT to provide a urinalysis, a direct violation of condition number 27.

Re: Stanard, Jocelyn Rae
February 21, 2020
Page 2

On August 22, 2019, the conditions of pretrial release supervision were reviewed with Ms. Stanard. She acknowledged an understanding of her conditions, which included release condition number 27.

**Violation #8:** Ms. Stanard has failed to comply with the conditions of her home detention.

Specifically, on February 18, 2020, Ms. Stanard contacted the undersigned at 12:56 p.m., after her Stevens County Superior Court hearing in which she stated she needed to go to Colville Vision Source to pick her up her glasses. Ms. Stanard was granted permission for this task and she was instructed to contact the undersigned upon her return to the residence. Ms. Stanard failed to contact the undersigned in any manner after this contact on February 18, 2020. The undersigned communicated with Ms. Stanard's roommate and it was ascertained that she did not return to the residence until approximately 8 p.m. Ms. Stanard next responded to the undersigned on February 19, 2020, at 8:59 a.m., in which she stated having phone and medical issues as the reason for failing to contact the undersigned upon her return to the residence on February 18, 2020. Due to failing to submit a urinalysis on February 18 and 19, 2020, Ms. Stanard was instructed to report to the U.S. Probation Office on February 20, 2020, at 1:30 p.m.

On February 20, 2020, the undersigned was unable to contact Ms. Stanard, but ascertained via her roommate that she departed her residence before 9 a.m. Ms. Stanard failed to show for her 1:30 p.m. appointment with the undersigned, and the undersigned was unable to contact Ms. Stanard via her cell phone after multiple attempts. The undersigned was able to speak with staff at ADEPT, who were able to speak with Ms. Stanard as they had a cancellation and were able to get her into complete her substance abuse assessment at 3 p.m., for which she stated she would be present. The undersigned requested ADEPT staff contact U.S. Probation upon her arrival. The undersigned received a phone call from ADEPT at 4:45 p.m. and was informed Ms. Stanard arrived 1 hour and 40 minutes late for the assessment and thus they would not be able to complete said assessment. The undersigned was able to speak with Ms. Stanard from the ADEPT phone, in which she was again reminded to contact the undersigned upon her arrival to her residence. It should also be noted, the undesigned requested Ms. Stanard submit a urinalysis at ADEPT, although ADEPT staff informed the undersigned she was unable to provide a urinalysis prior to their close of business. Ms. Stanard failed to contact the undersigned after arriving home to her residence. The undersigned communicated with Ms. Stanard's roommate at 7 p.m., in which she had not returned home since she was at ADEPT, but she was observed at an establishment at approximately 6 p.m., a location she did not have permission from U.S. Probation to be at.

On February 11, 2020, Ms. Stanard appeared before U.S. Magistrate Judge Rodgers in which she was informed she would be subject to an additional condition of home detention. After the hearing, Ms. Stanard reported to the U.S. Probation Office in which condition number 28 was further reviewed with Ms. Stanard and she acknowledged an understanding of this condition.

**Violation # 9:** On February 13, 2020, Ms. Stanard submitted a urinalysis that tested positive for methamphetamine.

Specifically, Ms. Stanard submitted a urinalysis at ADEPT on February 13, 2020. The urinalysis sample was sent to Cordant Health Solutions for confirmation of any illicit substances. On February 21, 2020, the undersigned received documentation from the results of this urinalysis, which was confirmed positive for the presence of methamphetamine, a direct violation of condition number 9.

On August 22, 2019, the conditions of pretrial release supervision were reviewed with Ms. Stanard. She acknowledged an understanding of her conditions, which included release condition number 6.

PRAYING THAT THE COURT WILL ORDER A WARRANT

|  | I declare under the penalty of perjury that the foregoing is true and correct. |
|---|---|
|  | Executed on: February 21, 2020 |
| by | s/Jonathan C. Bot |
|  | Jonathan C. Bot |
|  | U.S. Pretrial Services Officer |

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

February 21, 2020
Date